# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BARRY SMITH, Sr.,**

                Plaintiff,

                                                   **Case No. 08-C-262**

       -vs-

**UNITED STATES OF AMERICA,
and STATE OF WISCONSIN,**

                Defendants.

# DECISION AND ORDER

The *pro se* plaintiff, Barry Smith ("Smith"), filed a civil rights complaint alleging that he was disqualified from running for Alderman in the City of Milwaukee because of a prior criminal conviction. Smith alleges that being prohibited from running for office because of the prior conviction is in violation of his rights to due process and equal protection. Smith requests leave to proceed *in forma pauperis* ("IFP").

To authorize a litigant to proceed IFP, the Court must make two determinations: (1) whether the litigant is unable to pay the costs of commencing the action; and (2) whether the action warrants dismissal because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from relief. *See* 28 U.S.C. §§ 1915(a)(1) & (e)(2). Smith's complaint fails to state an actionable claim, so the instant matter will be dismissed.

To withstand an equal protection or due process challenge, a legislative classification that operates disparately among individuals and that does not impact upon a suspect class or a fundamental right need only be rationally related to a legitimate governmental interest. *Chapman v. United States*, 400 U.S. 453 (1991); *United States v. Austin*, 981 F.2d 1163, 1165 (10th Cir. 1992). Individuals convicted of a crime do not constitute a suspect class. *See United States v. Smith*, 818 F.2d 687, 691 (9th Cir. 1987); *Baer v. City of Wauwatosa*, 716 F.2d 1117, 1125-26 (7th Cir. 1983). Further, the right to seek public office is generally not a fundamental right which would trigger strict scrutiny analysis. *See Clements v. Fashing*, 457 U.S. 957, 963 (1982).

If, as Smith alleges, he is prevented from running for office by virtue of his prior conviction, this is rationally related to the legitimate governmental interest of protecting the integrity of the local political processes. Legislatures are presumed to have acted constitutionally, and under "traditional equal protection principles, distinctions need only be drawn in such a manner as to bear some rational relationship to a legitimate state end." *Clements*, 457 U.S. at 963. In "political opportunity" cases, the Supreme Court departs from rational basis review in two lines of cases: (1) classifications based on wealth (*see Bullock v. Carter*, 405 U.S. 134, 144 (1972)), and (2) classifications based on new or small political parties or candidates. *See Clements*, 457 U.S. at 964. Neither classification is presented by the allegations in Smith's complaint. The foregoing analysis also precludes any possible claim under the First Amendment. *See Id.* at 971-72 ("the burden on . . . First Amendment interests in candidacy are so insignificant that the classification . . . may be upheld consistent with

traditional equal protection principles. The State's interests in this regard are sufficient to warrant the de minimis interference with appellees' interests in candidacy").

All of this does not even contemplate a different problem with Smith's complaint: he is suing the wrong defendants. Smith alleges that the United States of America and the State of Wisconsin are violating his rights by "making and enforcing" laws that "abridge his privileges and immunities" as a citizen without due process of law. The Court is aware that Smith has a federal conviction in his background, which is apparently why he is suing the United States of America. Simply put, Smith does not have standing to sue the captioned defendants for the complained-of conduct. Neither the United States nor the State of Wisconsin is responsible for how a separate governmental body conducts its elections, and a judgment against those entities cannot redress the injuries Smith complains of. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (for standing to exist "there must be a causal connection between the injury and the conduct complained of," and it must be "likely that the injury will be redressed by a favorable decision").

Finally, the Court liberally construed Smith's complaint to allege claims for due process, equal protection, and First Amendment violations. Smith also alleges violations of the 13th Amendment (involuntary servitude) and the 15th Amendment (right to vote for himself). These claims are patently frivolous and require no further discussion. *See, e.g., United States v. Kozminski*, 487 U.S. 931, 942 (1988) (phrase "involuntary servitude" refers to situations in which the alleged victim is compelled to work by law); *Davis v. Frapolly*, 717

F. Supp. 614, 616 (N.D. Ill. 1989) (fifteenth amendment claim dismissed because complaint fails to allege that defendant interfered with plaintiff's right to vote).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Smith's motion to proceed IFP is **DENIED**; and

2. This matter is **DISMISSED** in its entirety.

Dated at Milwaukee, Wisconsin, this 2nd day of April, 2008.

                        **SO ORDERED,**

                        **s/ Rudolph T. Randa**
                        **HON. RUDOLPH T. RANDA**
                        **Chief Judge**